BALISTRIERI, Respondent, vs. CHICAGO, NORTH SHORE & MILWAUKEE RAILROAD, Appellant.

BALISTRIERI and others, Respondents, vs. SAME, Appellant.

*October 17, 1924—January 13, 1925.*

*Street railways: Collision with automobile: Questions for jury: Crossing tracks ahead of approaching train: Instructions.*

1. In this case the evidence is *held* to present jury questions both as to whether the defendant street car company was negligent in the operation of a motor train, and whether plaintiffs were guilty of contributory negligence in attempting to drive their automobile across the tracks in front of the approaching train. p. 383.
2. Error in an instruction that one crossing a street-car track had the right of way, if he had sufficient time, proceeding reasonably, to clear the track without interfering with the movement of an approaching car, assuming it to be moving at a lawful speed, is cured by a further instruction that if the approach of the street car at an unlawful speed was observable by the exercise of ordinary care plaintiff must exercise ordinary care for his own protection. p. 384.
3. One crossing a street-car track ahead of an approaching car must use ordinary care to avoid danger of collision, and if he knows, or could know in the exercise of ordinary care, that the car is moving at an excessive speed, he must act accordingly. p. 383.

APPEAL from two judgments of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

Action for personal injuries and damage to respondents' auto truck by reason of a collision between such auto truck and a motor train of the appellant street car company. Three actions were begun in the civil court of Milwaukee county, one for each of the two partners for personal injuries, and one for the partnership for damage to the auto truck. The three actions were tried as one case, and a special verdict rendered by the jury favorable to the plaintiffs on all points. Judgments were entered accordingly. The judgment as to Frank Balistrieri was paid, and appeal was

taken to the circuit court from the other two judgments. The circuit court affirmed the judgments, and defendant appeals to this court. The defendant assigns as errors: that there was no credible evidence of negligence on the part of the defendant; that there was negligence on the part of the plaintiffs as a matter of law; failure of the court to change answers in the verdict on defendant's motion; and error of the court in its charge to the jury.

For the appellant there was a brief by *Edgar L. Wood* of Milwaukee, attorney, and *A. L. Gardner* of Chicago, of counsel, and oral argument by *John T. McQuaid* of Milwaukee.

*James E. Laffey,* attorney, and *John J. Kenney,* of counsel, both of Milwaukee, for the respondents.

The following opinion was filed November 11, 1924:

CROWNHART, J. The facts may be briefly stated. The plaintiffs were going west on Washington avenue in the city of Milwaukee to cross First avenue with an auto truck about twenty feet long, weighing six and one-half tons, and loaded with six tons of cinders. The truck was traveling at the rate of twelve miles an hour as it approached First avenue. The plaintiffs testified that they looked both ways on First avenue and saw the defendant's car approaching, 300 feet distant, and, thinking they had time to safely cross the track, proceeded on their way. The driver then looked to the south and then changed the speed of his truck. He then looked to the north and saw defendant's motor car twenty-five feet away. The truck was then crossing the south-bound track. He kept on going straight ahead. As they started across defendant's tracks the driver slowed up the truck to eight miles an hour, the highway being somewhat rough at that place. They had crossed the north-bound track and the front wheels were on or across the south-bound track when the truck was struck by defendant's motor engine, about ten feet back from the radiator of the truck

engine and just back of the cab in which the driver and his brother were seated. The truck was struck with such force as to tip it over on its side and to turn it at an angle so that it lay southwest by northeast on the two tracks. Both occupants of the truck were injured. The defendant claims that its motor car was going south on its westerly track at the rate of about twelve miles an hour; that the motorman first saw the plaintiffs enter upon the tracks when the motor car was 75 to 100 feet distant; that he immediately applied the brakes and sought to stop his car, and that he brought his car to a stop as soon as possible.

It is apparent from this statement of facts that a jury question was presented as to negligence of defendant and contributory negligence of plaintiffs, and in the absence of error the verdict must stand. The circuit court so held.

The appellant assigns as error the following instruction by the court to the jury:

"You are further instructed in connection with questions 7, 8, and 9 that a person desiring to cross a street-car track in advance of an approaching car has the right of way if, calculating reasonably from the standpoint of a person of ordinary care and intelligence so circumstanced, he has sufficient time, proceeding reasonably, to clear the track without interfering with the movement of the car to and past the point of crossing, assuming it is moving at a reasonable and lawful rate of speed. If a person, exercising his judgment as indicated, attempts to cross the track and it turns out that he has miscalculated, he cannot be held guilty of a breach of duty to exercise ordinary care."

This instruction, standing alone, is undoubtedly erroneous. It leaves the party crossing the street-car tracks the right to assume that a street car will move at a reasonable and lawful rate of speed. Such is not the law. The party must use ordinary care to avoid danger of collision, and if he knows, or could know in the exercise of ordinary care, that the car is moving at an excessive rate of speed, he must

act accordingly. This portion of the charge is quoted from the opinion in *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, at p. 608 (84 N. W. 823).

However, the trial court in the instant case did not leave the jury with the quoted part alone. He added:

". . . If in the circumstances stated, other than the speed of the car, the car is approaching at an unlawful speed and it is observable by the exercise of ordinary care, he must take that into consideration in determining whether there is time to safely clear the track, the duty to exercise ordinary care for his own protection not being excused by the fault of anybody else."

Counsel for appellant neglected to quote in his brief this final portion of the charge, which, in fairness to the court, he should have done. From the whole charge on this subject it will be seen that the court charged the jury with substantial accuracy, though not so clearly as might be desired. However, the trial court charged the jury in the language of this court, appropriately to the facts of this case. There was no error in the charge.

*By the Court.*—The judgments of the circuit court are affirmed.

A motion for a rehearing was denied, with $25 costs, on January 13, 1925.